**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PNC BANK, N.A., a national association, Case No.:

Plaintiff,

v.

WB REAL ESTATE DEVELOPMENT LLC, d/b/a WB REAL ESTATE HOLDINGS LLC, a Florida limited liability company and ANTON PHILIPP, an individual,

Defendants.
______________________________________/

**COMPLAINT**

Plaintiff, PNC BANK, N. A., a national association ("Plaintiff" or "PNC"), by and through undersigned counsel, sues Defendants, WB REAL ESTATE DEVELOPMENT LLC, d/b/a WB REAL ESTATE HOLDINGS LLC, a Florida limited liability company ("Borrower" or "WB"), ANTON PHILIPP, an individual ("Guarantor" or "Philipp") (collectively WB and Philipp referred to hereinafter as "Defendants" or "Obligors"), for enforcement of a small business loan and guaranty, and alleges as follows:

## PARTIES AND CITIZENSHIP

1. PNC is a national banking association authorized to do, and doing business in, the State of Florida. PNC's main office, as designated in its articles of association, is located in Delaware. PNC is therefore a citizen of Delaware. PNC is the owner and holder of a small business loan and guaranty securing the small business line of credit extended to Borrower.

2. Defendant, WB, is a Florida limited liability company with its principal place of business located at 936 SW 1st Avenue, Miami, FL 33130 in Miami-Dade County, Florida. Defendant, WB, has only one member, Philipp.

3. Defendant, Philipp, is a natural person who is a resident, domiciled in, and citizen of Florida, because Philipp's primary residence, upon information and belief, is located at 2947 NW 45th Street, Miami, FL 33142 in Miami-Dade County, Florida.

4. Accordingly, WB is also a citizen of Florida.

5. Defendant, Philipp, personally guaranteed the obligations of WB to PNC.

## JURISDICTION & VENUE

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in dispute exceeds $75,000.00, exclusive of

interest and costs, such that the matter can be heard on the basis of diversity jurisdiction.

7. PNC is a citizen of Delaware, and WB and Philipp are citizens of Florida. Therefore, there is complete diversity of parties.

8. Venue is proper in this District, because the actions giving rise to this cause of action occurred in Miami-Dade County, Florida, and Defendants are residents of Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

9. On or about March 14, 2023, Borrower executed a Business Loan Application (the "Application") to establish a $100,000.00 line of credit with PNC (the "LOC"). A true and correct copy of the Application is attached hereto and incorporated herein as **Exhibit A**.

10. As part of the Application, Philipp executed a guaranty in which Philipp jointly and severally guaranteed, and became surety for, all Obligations (as that term is defined in the Application) of WB to PNC (the "Guaranty"). *See* **Exhibit A**, **¶ 3.**

11. On or about March 14, 2023, in connection with the Application, PNC issued a Small Business Line of Credit Agreement (the "Agreement") to WB, which WB agreed to pursuant to the Application and by WB drawing on the LOC. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit B**.

12. The Application, Agreement, and Guaranty constitute a lending agreement pursuant to which WB borrowed up to $100,000.00 through a line of credit with PNC.

13. The Guaranty constitutes an agreement pursuant to which Philipp agreed to unconditionally guarantee the obligations of WB to PNC.

14. Together, where appropriate, the Application, Agreement, and Guaranty will be collectively referred to herein as the "Loan Documents."

15. The Agreement provides that WB would be in default thereof if, among other things, WB failed to make any payment when due. *See* **Exhibit B**, **¶ 17**.

16. The Agreement further provides that, in the event of a default, PNC has the right to: (i) declare the entire outstanding principal, unpaid interest and charges under the Loan Documents to be immediately due and payable to PNC; (ii) increase the interest margin up to 5 percentage points (5.0%) over the variable interest rate on the LOC; and (iii) require that WB pay costs incurred by PNC in the collection of the outstanding amounts, including attorneys' fees and court costs. *See* **Exhibit B**, **¶ 18.**

17. WB has failed to timely make the required payments when due under the Agreement.

18. As such, on or about January 16, 2026, PNC sent Defendants a demand letter setting forth the payoff balance and demanding payment (the "Demand

Letter"). A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit C**.

19. Obligors have nonetheless failed to cure their defaults under the Loan Documents, and as of September 23, 2026, there was due and owing $132,347.58 consisting of $99,931.02 in unpaid principal, $31,958.12 in accrued and unpaid interest, and $458.44 in late charges. Interest is accruing on the outstanding principal balance of the LOC at a per diem rate of $46.71 and will continue to accrue in accordance with the terms of the Loan Documents.

20. Accordingly, the full accelerated amount owed under the Loan Documents is immediately due and payable to PNC.

21. To date, Philipp has failed to ensure the payment and performance of WB's obligations under the Agreement to PNC, as required by the Guaranty, and is thus in default thereunder. *See* **Exhibit A, ¶3**.

22. PNC has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel's reasonable attorneys' fees for its services.

23. The Loan Documents provide that PNC is entitled to recover its costs and expenses, including reasonable attorneys' fees, incurred through the enforcement of its rights under the Loan Documents. *See* **Exhibit B**, ¶ 18.

24. All conditions precedent to this action have occurred, been performed, or have been waived.

**COUNT I – BREACH OF AGREEMENT**
(Against WB)

25. This is an action against WB for damages resulting from the breach of the Agreement in an amount in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

26. PNC realleges and incorporates paragraphs 1-4, 6-9, 11-12, 14-20, and 22-24 above as if fully alleged herein.

27. A contract exists between PNC and WB, as evidenced by the Agreement.

28. PNC is the owner and holder of the Agreement.

29. As more particularly described herein, WB is in material breach of the Agreement by failing to make payments when due thereunder.

30. All amounts owed under the Agreement have been accelerated and are due and payable in full, including principal, interest, late charges, and attorneys' fees and costs.

31. As a direct and proximate result of WB's material breach of the Agreement, PNC has suffered damages and WB owes to PNC the full amount of the outstanding unpaid LOC, including principal, interest, attorneys' fees and costs, and

any and all sums heretofore or hereinafter expended by PNC pursuant to the terms of the Agreement.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Defendant, WB Real Estate Development LLC, d/b/a WB Real Estate Holdings LLC, together with interest, costs, and attorneys' fees pursuant to the Agreement, and grant any further relief this Court deems just and proper.

**COUNT II – BREACH OF GUARANTY**
(Against Philipp)

32. This is an action against Philipp for damages resulting from breach of the Guaranty in an amount in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

33. PNC realleges and incorporates paragraphs 1-24 above as if fully alleged herein.

34. A contract exists between PNC and Philipp, as evidenced by the Guaranty.

35. PNC is the owner and holder of the Guaranty.

36. As more particularly described herein, Philipp has materially breached the terms of the Guaranty by failing to tender to PNC the requisite payments and all amounts due and owing from WB.

37. As a direct and proximate result of Philipp's material breach of the Guaranty, PNC has suffered monetary damages and there is now due and owing from Philipp the full amount of outstanding unpaid indebtedness under the Philipp Guaranty, including principal, interest, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended by PNC, pursuant to the terms of the Guaranty.

WHEREFORE, Plaintiff, PNC Bank, N.A., respectfully requests this Court enter judgment for Plaintiff and against Defendant, Anton Philipp, together with interest, costs, and attorneys' fees pursuant to the Guaranty, and grant any further relief this Court deems just and proper.

DATED: October 7, 2026 **ADAMS AND REESE LLP**

By: */s/ Angela N. Grewal*
Angela N. Grewal
Florida Bar No. 105429
Grace M. Speas
Florida Bar No. 1049134
angela.grewal@arlaw.com
grace.speas@arlaw.com
jessica.bowers@arlaw.com
ari.martinez@arlaw.com
501 Riverside Ave, Suite 601
Jacksonville, FL 32202
*Attorney for Plaintiff,*
*PNC Bank, N.A.*